## Barrett v. Harrel.

Opinion delivered December 10, 1928.

A. F. *Triplett,* for appellant.

*Thos. W. Raines,* for appellee.

Kirby, J. This appeal is prosecuted from a judgment for damages for personal injury suffered by appellee on account of the failure of appellant to erect a screen over the saw at which he was working when the injury occurred. The suit was brought against appellant and A. B. Fisher, alleged to compose a partnership, operating the sawmill under the partnership name of A. B. Fisher. Judgment was rendered against both Fisher and Barrett. Only Barrett has appealed.

Only two questions are presented for consideration here: the insufficiency of the evidence to establish a

partnership between appellant and A. B. Fisher in the operation of the mill, and the admission of certain testimony alleged to be incompetent. No objection is made to the declarations of law defining a partnership to the jury.

Appellee testified that he understood A. B. Fisher and Moody Barrett were the owners of the mill and partners in its operation; that he knew Moody Barrett was a partner, because Barrett had told him so numerous times in his store, and showed him the written contract between himself and Fisher for operation of the mill. Said he knew all about it. After stating Barrett had shown him the written contract and told him out of his own mouth that they were partners, witness stated, in reply to the question, "Is that the only reason you knew they were partners?" Answer: "No sir. I know anything I got in the mill I had to get Barrett to get it; I could not get anything from Fisher; he would tell me to go to Barrett and get it."

Lev Goodrich was permitted to testify, over objection, that E. T. Harrel, the appellee, brought an order to him for mill supplies signed, "J. M. Barrett, by J. M. B. Jr.," which reads:

"11-4-1926                              5.80 Pd. Dc. 14.
"Arkansas Mill Supply Co.:

Please let Mr. E. T. Harrel have
1 box packing ¼ inch and 3/5 inch
1 strip lace leather about 6 inches
1 belt punch.

                              "J. M. Barrett,
                                 "By J. M. B. Jr."

Martin testified that he sold some material to the sawmill at Sherrill, but did not know to whom the mill belonged. The order was from J. M. Barrett by J. M. B. Jr., he believed. The objection was sustained to this testimony, the order not being produced. Witness was allowed to state, however, that the order was brought by Harrel, and the supplies were furnished for a sawmill. He supposed Harrel worked over there, but did know

he brought the order. Witness, on cross-examination by appellant's attorney, said he did not remember what stuff was furnished, but answered the question, "You say it was an order from J. M. Barrett, by J. M. B. Jr.?" "I am positive that was the way it was signed."

Appellant and Fisher filed separate answers, denying that any partnership existed between them in the operation of the mill, and appellant testified that he had no interest of any kind in the mill or its operation. Denied having told Harrel that he was a partner or shown him the written contract, which he said was one relating to the purchase of timber, but did not produce it in evidence. He also explained the orders, saying J. M. Barrett, his father, supplied many materials to Fisher, the owner of the mill, and to whom they were charged, and that he kept the store of his father, and when orders came for stuff they did not have on hand he gave orders to other merchants for his father for the supplies, which were charged to Fisher, the owner and operator of the mill, on the books of the Barrett store. He also stated that all the lumber bought from the mill was purchased by J. M. Barrett and credited on the account of A. B. Fisher, owner of the mill, for supplies furnished him by J. M. Barrett, who owned and operated the store. Fisher did not testify in the case.

The jury might well have believed the testimony of appellant, whose explanation of the orders for mill supplies bought from J. M. Barrett appeared reasonable and conclusive, and also his denial of his having any interest whatever in any way in the ownership or operation of the mill, and his denial of having told appellee that he was a partner in the operation of the mill, or having shown him any written contract relating to the ownership and operation of same  They credited appellee's statement, however, and found against appellant, and there is substantial testimony supporting their verdict.

Neither was error committed in the introduction of the testimony of the two witnesses complained of. The court only permitted the introduction of the testimony

relating to such orders as were presented by appellee Harrel and signed by appellant. One of the orders was introduced in evidence, and the court refused to allow the other witness to testify to the method of signature of the order that he said was presented by Harrel for mill supplies. The appellant himself brought out on cross-examination of this witness the method of signature of the order, and, as already said, his explanation of the giving of the orders was entirely consistent with his contention that he had no interest whatever in the ownership or operation of the mill, but the jury found otherwise upon testimony sufficient to support the verdict.

We find no error in the record, and the judgment is affirmed.